DAVID A. BRANDS et al., executors,

*v.*

JAMES P. HARTUNG et al.

A testator, by his will made in 1863, gave to his wife for life the use of his homestead farm (together with the furniture &c.), excepting the house then occupied by his son Abraham, with certain appurtenances. He gave to his son David the land whereon David then lived, and for which he had given David a deed in 1858, and also $800 which he had given David in 1863, as David's full share. He gave his daughter Dorothy, for life, after his wife's death, if Dorothy should survive his wife, the use of the house, garden &c., and also $3,000, to be invested by his executors, the interest to be paid to her annually, and if insufficient for her support, then a specified part of the principal yearly, and if Dorothy should die "without heirs," her share was to be equally divided between David and Abraham. He then gave Abraham his

homestead farm after the death of his (testator's) wife, excepting Dorothy's right therein. He also gave to his three grandchildren $1,000 each when they should arrive at the age of twenty-five years. Testator died in 1881, and his wife predeceased him. He had no real estate other than that devised, and his personal estate is not sufficient to pay the debts and legacies.—*Held*, that the legacies are not charged on the land and must abate proportionally, and that testator did not die intestate as to the amount of the legacy given to one of the grandchildren, which was adeemed during testator's lifetime.

Bill for construction of will. On final hearing on pleadings and proofs.

*Mr. Geo. A. Angle,* for complainants.

*Mr. J. M. Roseberry, Jr.,* for Rachel A. Lapelt.

THE CHANCELLOR.

This suit is brought to obtain a construction of the will of James Brands, deceased, late of Warren county. The will is dated April 28th, 1863. By it, the testator ordered and directed, in the first place, that all his just debts and funeral expenses be paid and satisfied as soon after his death as conveniently might be. He then gave to his wife, for life, the use and full control of the farm on which he then resided (together with the house and household furniture that might be in the house at his death), excepting the house then occupied by his son Abraham, which he thereby declared he wished him to hold, together with the garden, wash-house and hog-pen. He also gave to his wife certain other personal property. He then gave and bequeathed to his son David a part of his real estate, where the latter then resided, for which he had given David a deed, dated November 27th, 1858, and $800, which he had given David April 1st, 1863, which gifts he declared he intended should be the whole amount of David's share in his estate. He then gave his daughter Dorothy, for life, from and after his wife's death, if Dorothy should be then living, the use of the house, garden, front yard, milk-house, wood-house and wash-house, and one-half of the household furniture that should remain in use at the death of

his wife, and he gave her one cow, and also $3,000, to be invested for her by his executors, and the interest paid to her annually. He also provided that if the interest should not be sufficient for her support, she should have the privilege of using $50 or $100 a year out of the principal, if she should deem it necessary for her support. If she should die "without heirs," "her share" was to be equally divided between his sons, David and Abraham. He then gave to Abraham his homestead farm, after the death of his (the testator's) wife except the use of the house, garden, front yard, milk-house and wash-house, where he, the testator, then lived, during the life of Dorothy, as thereinbefore mentioned. He then gave to his grandchildren, James P. Hartung, Isaac Hartung and Rachel A. Hartung (now Lapelt), children of his deceased daughter Rachel, $1,000 each, when they should arrive at the age of twenty-five years, and gave directions as to the disposition of those legacies in the meantime. He then declared that, "if, after his estate should have been disposed of according to the will, there should remain any more of it, it was his will that it should be given to Abraham." By a codicil, dated August 21st, 1867, he reduced the interest of Abraham, in the homestead farm, to a life estate, with remainder to Abraham's children. The testator died in May, 1881. His wife predeceased him.

The testator's personal estate is not sufficient to pay the debts and legacies, and it is alleged in the bill that the legacy to James P. Hartung was adeemed. The questions submitted for decision are whether the legacies are charged on the real estate devised by the will (the testator had no other), and whether the legacy to James P. Hartung was, in fact, adeemed.

When the will was made (which was eighteen years before his death), the testator had personal property enough to pay all his debts and the legacies. But the balance of the personal estate, after paying the debts and funeral and testamentary expenses, is only $3,199.29, while the legacies, not including that given to James P. Hartung, amount to $5,000. The real estate given to David has been in his possession ever since it was conveyed to him by his father, in 1858. There is no ground for holding that

the legacies are charged on the real estate devised by the will. There is no residuary real estate. Nothing is given to David in the will. There is no devise or legacy to him at all. The farm and the $800 mentioned in the clause purporting to devise and bequeath them to him, had previously been given to him, as appears by the language of the clause itself. The object of the clause was to express the intention of the testator, that David should have nothing more out of his estate, and to give his reason for it, which was that David had, in those gifts, already had his full share. The legacies are not charged, either by express words or by implication, on the land, by the will. Nor is there anything in the disposition the testator has made of his property, to indicate such an intention. When he made the will, he had personal property enough to pay the legacies, and though, subsequently, his estate was diminished, he did not see fit to alter his will. It is urged, however, on behalf of the answering defendant, that, by the direction to pay his debts and funeral expenses as soon after his death as conveniently might be, he charged his debts on his land, in exoneration of his personal estate. But such is not the effect of the direction. It is to charge the real estate in aid of the personal. Under such a provision, the personal estate not specifically bequeathed is to be first applied to the payment of debts. The personal estate is the only fund for the payment of the legacies in this case. They are not charged on the land devised.

The legacy to James P. Hartung was adeemed. The testator paid it off in his lifetime, by the assignment to the legatee of a bond and mortgage, which, according to the evidence, was intended and accepted as a satisfaction.

The legacies must abate proportionally. The whole of the balance of the personal estate not specifically bequeathed is applicable to them. The testator cannot be held to have died intestate of the amount of personal estate which would have gone to James P. Hartung had his legacy not been satisfied. The costs of the parties and a reasonable counsel fee to their counsel, should be paid out of the estate.